520 So.2d 1364 (1988)
Kenneth Wayne BEYERSDOFFER
v.
STATE of Mississippi.
No. 58334.
Supreme Court of Mississippi.
February 17, 1988.
Gail D. Nicholson, Chester D. Nicholson, Nicholson & Nicholson, Gulfport, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Deirdre D. McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and ANDERSON, JJ.
DAN M. LEE, Presiding Justice, for the Court:
Kenneth Wayne Beyersdoffer was convicted of burglary of an automobile in the Circuit Court of Harrison County and sentenced to seven years in the custody of the Mississippi Department of Corrections as a habitual offender. Because of an incident involving the polling of the jury, we reverse and remand this case for a new trial.

FACTS
On October 3, 1984, Kenneth Wayne Beyersdoffer, aged 20, Robert Wayne Welch, aged 18, and Danny Wheat, aged 16, were out on the town in Welch's Ford Pinto. Throughout the evening they had trouble with the Pinto battery, and had to jumpstart the car several times. When they stopped at Bayou View Apartments to see a friend, the boys were unable to get the car started again. Beyersdoffer and Wheat volunteered to get a battery, leaving Welch in the car while they located an unlocked van in the apartment complex and raided it of its battery, a citizens band radio and stereo. They installed the battery in the Pinto and placed the other equipment on the floor of the back seat.
Later that night, when the Pinto turned onto Cleve Avenue where Beyersdoffer lived, the police were on a stakeout because of numerous house burglaries in that *1365 neighborhood. They saw the Pinto approach the Beyersdoffer house without lights, Beyersdoffer get out of the car and place a car battery on the ground. They questioned the boys, assuming they had something to do with the house burglaries. A check with headquarters revealed no report of a stolen CB radio or stereo, and the boys were allowed to continue on their way, with the exception of the juvenile, who was detained when police were unable to locate his parents. The three were ultimately arrested and charged with burglary of an automobile.
Wheat and Welch testified against the defendant at trial. The defendant rested his case without calling any witnesses in his behalf.
State's instruction # 5 informed the jury that
... aiding and abetting is defined to be the offense committed by those persons, who, although not the direct perpetrators of a crime are yet present at its commission, doing some act to render aid to the actual perpetrator; and that such aiding and abetting may be manifested by acts, words, signs, notions, or any conduct which unmistakably evinces a design or encourage, incite, or approve of the crime or even by being present with the intention of giving assistance if necessary, though such assistance may not be called into requisition; therefore, if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Kenneth Wayne Beyersdoffer, on or about the time and date charged and testified about, in the First Judicial District of Harrison County, Mississippi, did unlawfully, willfully and feloniously take, assist in taking, or aid and abet in the burglary of an auto on said date and time; then if you so believe from the evidence in this case beyond a reasonable doubt, then the defendant is guilty and it is your sworn duty to say so by your verdict.
When a guilty verdict was returned, the jury was polled. The eighth juror was asked if that indeed was his verdict and responded:
BY MR. MARTIN. No, sir. Your Honor, what I found the Defendant, you know, what I found the Defendant guilty of was aiding and abetting.
BY THE COURT. Well, do you find him guilty of aiding and abetting?
BY MR. MARTIN. Yes.
BY THE COURT. As being, well, that would be guilty.
BY MS. HENDERSON. Judge, he did not say whether aiding and abetting, whether or not aiding and abetting after, after the commission of a crime or before. I would like to ask the Court to further instruct the jury ...
BY THE COURT. (Interposing) You mean aiding and abetting while it was going on, is that what you're talking about, Mr. Martin?
BY MR. MARTIN. Yes, sir, it is.
BY THE COURT. Alright.
BY MS. HENDERSON. Judge, could I ask the juror some additional questions. I see that he hesitated ...
BY THE COURT. (Interposing) No, that has to come from the Court.
BY MS. HENDERSON. All right. Yes, sir.
After completing the poll of the remaining jurors, the Court returned to Mr. Martin.
BY THE COURT. All right. I believe that covers it. You voted for aiding and abetting, is that what you say, Mr. Martin?
BY MR. MARTIN. Yes, sir.
BY THE COURT. While the crime was going on?
BY MR. MARTIN. Yes, sir.
BY THE COURT. All right. Okay. All right. Well, that's a verdict. I am going to declare it a verdict, and that will be it.
Defendant's motion for a mistrial was denied, and the denial of that motion is the sole assignment of error. Appellant calls Martin's responses to the judge's questioning "indecisive," and contends that the trial judge "cut him off" and "shut him out." He argues that there was no unanimous verdict, that the trial judge "put words in the mouth" of Juror Martin in an effort to *1366 get a consensus in this case and force a verdict.

LAW
This court has cautioned the trial court about the necessity of keeping verbal exchanges between the court and the jury as brief and neutral as possible. Jurors are most susceptible to the influence of the judge; he cannot be too careful and guarded in his language and conduct in the presence of the jury. Green v. State, 97 Miss. 834, 53 So. 415 (1910). At the moment Juror Martin responded "No, sir" to the polling of the jury, the judge should have declined to continue and sent the jury back for further deliberation. Morgan v. State, 370 So.2d 231 (Miss. 1979).
It is easy to understand the judge's rationale here. If Juror Martin believed that Beyersdoffer aided and abetted during the commission of the crime, then legally he is guilty of automobile burglary. It is clear, however, that this juror did not understand that distinction and believed that he had voted for conviction of some lesser crime. This confusion should have been resolved by further deliberation and, if necessary, by additional instructions. Girton v. State, 446 So.2d 570 (Miss. 1984). Morgan v. State, supra. It cannot be said from this record that a unanimous verdict was reached. We, therefore, hold "that the questionable verdict in this case requires us to rule that no verdict either of acquittal or conviction was reached and that the case must be tried anew." Morgan v. State, 370 So.2d at 232 (Miss. 1979).
For this reason we must reverse the August 6, 1985, conviction of Kenneth Wayne Beyersdoffer and remand to the Circuit Court of Harrison County for a new trial.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
ZUCCARO, J., dissents without written opinion.
GRIFFIN, J., not participating.